UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOVICA PETROVIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-1744-SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Jovica Petrovic, proceeding *pro se* and *in forma pauperis*, filed the instant Complaint Under Federal Tort Claims Act (FTCA) Claim for Damage against the United States of America, seeking declaratory relief and compensatory and punitive damages totaling over $50,000,000.00. The complaint will be dismissed.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not

mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff, an inmate in the Bureau of Prisons, avers that, on July 19, 2010, United States Postal Inspection Service agents executed a search warrant at his residence and seized numerous items, including an Apple laptop computer. (Docket No. 1, Attch. 1, at 1).[1]

Plaintiff avers that he began filing motions seeking return of the seized property. In one of those cases, *Petrovic v. United States*, Case No. 4:15-cv-1439-HEA (E.D. Mo. 2015), the government forwarded a settlement proposal to plaintiff dated December 4, 2015, in which it advised, *inter alia*, that many items seized from plaintiff's residence had been destroyed pursuant to the U.S. Postal Inspection Service's procedures, and the Apple computer had been "reformatted." (*Id.* at p. 26).

In the case at bar, plaintiff alleges that the reformatting caused the loss of "thousands" of pictures of family and friends, documents and business contracts for which plaintiff paid

---

[1] In *United States v. Petrovic*, Case No. 4:10-cr-415-HEA-1 (E.D. Mo. 2010), plaintiff was indicted on counts of, *inter alia*, interstate stalking and harassment in violation of protection orders, and interstate extortionate threat. On November 18, 2011, a jury returned a verdict of guilty on those counts. On February 15, 2012, plaintiff was sentenced to a 96-month term of incarceration. The Court takes judicial notice of its own records regarding these interrelated criminal proceedings. See *Lockett v. United States*, 333 Fed. Appx. 143, 144 (8th Cir. 2009) (*citing Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

hundreds of thousands of dollars, patent blueprints and development documents, and software, including "oracle software" that plaintiff values at over $100,000.00. (Docket No. 1 at 7). Plaintiff avers that he did not know the reformatting had occurred until he read the December 2015 settlement proposal. He does not specify that he seeks relief for loss or damage to any other property.

It is well established that the United States is entitled to sovereign immunity, and cannot be sued without its consent. *Honda v. Clark*, 386 U.S. 484, 501 (1967). "To alleviate the harshness of this rule, Congress enacted the Federal Tort Claims Act which permits civil actions against the United States for personal injury and property damage caused by 'the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976). The FTCA is strictly construed in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996). There are many claims that cannot lie against the United States under the FTCA pursuant to enumerated exceptions found in 28 U.S.C. § 2680.

Relevant here is the exception in subsection (c), which provides, in relevant part, that the United States may not be sued for "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer[.]" 28 U.S.C. § 2680(c). This exception, referred to as the "detention of goods" exception, is interpreted broadly. The Supreme Court has held that the phrase "any other law enforcement officer" had to be interpreted broadly as applying to law enforcement officers of any kind. *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008). In *Kosak v. United States*, 465 U.S. 848, 854 (1984), the Supreme Court held that the detention of goods exception applies not only to intentional conduct by government

employees, but also to "any claim 'arising out of' the detention of goods, . . . includ[ing] a claim resulting from negligent handling or storage of detained property." Property seized by law enforcement officers and transferred to a third party is deemed still "detained" by the officers. *Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002); *Schlaebitz v. U.S. Dept. of Justice*, 924 F.2d 193, 194 (11th Cir. 1991) (*per curiam*). Subsection (c) does not except cases involving property seized solely for the purposes of forfeiture. *See* 28 U.S.C. § 2680(c). A seizure of property pursuant to a search warrant, as in the case at bar, has not been done solely for the purpose of forfeiture. *Foster v. United States*, 522 F.3d 1071, 1075-76 (9th Cir. 2008).

In the case at bar, based upon plaintiff's assertions in the complaint, the Apple computer was seized from his possession pursuant to a search warrant, and therefore not solely for the purpose of forfeiture. It was then detained within the control and possession of the United States. It is during such detention that plaintiff alleges the reformatting occurred. Based upon the detention of goods exception of § 2680(c), the United States retained its sovereign immunity.

Having liberally construed the complaint, the Court concludes that it: (1) seeks monetary relief against a defendant who is immune, and (2) fails to state a claim upon which relief can be granted because it fails to describe any acts or omissions giving rise to liability under the FTCA, and plaintiff asserts no other valid basis for relief. The Complaint Under Federal Tort Claims Act (FTCA) Claim for Damage will therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith**.**

Dated this 21st day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE